UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA LYNN ALVARADO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:25-cv-00474-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 14) |

    Pending before the Court is the stipulated request of Plaintiff Erica Lynn Alvarado ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $1,900.00 to counsel for Plaintiff, Brian C. Shapiro.[1] (Doc. 14).

    The parties agree that an award of attorney's fees to counsel for Plaintiff should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Brian C. Shapiro. *Id*. at 2.

    On June 20, 2025, the Court granted the parties' stipulated motion for voluntary remand

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 9).

1

1  and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for
2  further proceedings.  (Doc. 12).  Judgment was entered the same day.  (Doc. 13).  On June 27,
3  2025, Plaintiff filed the pending stipulation for attorney fees as a prevailing party.  (Doc. 14).
4  *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails
5  with a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's
6  filing is timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

7        The EAJA provides for an award of attorney fees to private litigants who both prevail in
8  civil actions (other than tort) against the United States and timely file a petition for fees.  28
9  U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing
10 party unless it finds the government's position was "substantially justified or that special
11 circumstances make such an award unjust."  *Id*.  Here, the government did not show its position
12 was substantially justified and the Court finds there are not special circumstances that would
13 make an award unjust.  Moreover, Defendant does not oppose Plaintiff's stipulated request.
14 *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23,
15 2018) (finding position of the government was not substantially justified in view of the
16 Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL
17 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

18       Plaintiff requests an award of $1,900.00 in EAJA fees.  (Doc. 14).  The Ninth Circuit
19 maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for
20 increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-
21 77 (9th Cir. 2005).  Even assuming Plaintiff's counsel seeks the most recent published
22 maximum rate,[2] the requested award would amount to approximately eight hours of attorney
23 time (not accounting for any paralegal time expended).  The Court finds this reasonable and
24 commensurate with the number of hours an attorney would need to have spent reviewing the
25 certified administrative record in this case (approximately 1,048 pages; Doc. 10) and obtaining
26 stipulations for voluntary remand and for the award of EAJA fees.  (Docs. 11, 14).  With

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 30, 2025).

respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further proceedings. (Docs. 12, 13).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 14) is GRANTED; and

2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees in the amount of $1,900.00, pursuant to the terms set forth in the parties' stipulation. (Doc. 14). Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth in the stipulation.

IT IS SO ORDERED.

Dated: __**June 30, 2025**__                    _____
                                                UNITED STATES MAGISTRATE JUDGE